Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between and plaintiff.
3. Aetna Casualty and Surety Insurance Company was the carrier on the risk.
4. The date of the alleged injury was February 12, 1993.
In addition, the parties stipulated into evidence the following:
1. Three pages of copies of paychecks.
2. Seven pages of medical records, reports and statements.
3. Three additional pages of medical reports.
* * * * * * * * * * *
Based upon all of the competent, credible evidence in the record, the Full Commission adopts the following findings of fact of the deputy commissioner:
FINDINGS OF FACT
1. Plaintiff began working for defendant-employer in mid December 1992 as an electrician. The company was installing a security system and an air rework facility on the Marine base. Plaintiff's duties included running conduit, building concrete forms, installing wiring and fabricating certain pieces. His average weekly wage was $475.88.
2. On February 12, 1993 plaintiff and two other employees were trying to uncover a broken conduit in a duct bank, and they were using a mud pump to remove water from the area. It began to rain so they were going to stop working, but the mud pump had to be removed first. It was stuck in the mud, so plaintiff rocked it back and forth as they tried to pull it out. The pump suddenly came loose and the weight came onto plaintiff. He then experienced a cracking sensation and pain in his low back. After he closed down the job, he reported the injury to Chuck Breeden, the job superintendent, and filled out an accident report.
3. Plaintiff subsequently went to the emergency room where his condition was diagnosed as a lumbosacral strain and probable facet joint strain. Dr. Frink prescribed medication and rest and advised him to follow-up with a local medical doctor if his symptoms persisted. However, Mr. Breeden was terminated by the next Monday and plaintiff was unable to get authorization for treatment from anyone else because the company was in the process of going out of business and there was a state of confusion. Since his health insurance would not provide treatment for a work-related injury, plaintiff did not receive additional medical care even though he continued to experience considerable back pain. He took over-the-counter analgesic medication and restricted his activities, but his back pain persisted up until the date of hearing.
4. Following the hearing, plaintiff was examined by Dr. Hamilton who ordered an MRI. There were multiple levels of bulging and Dr. Hamilton thought that he had a right sided asymmetric protrusion which would correspond to his level of discomfort. Physical therapy and a back brace were recommended, and plaintiff was to return for follow-up care.
5. On February 12, 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. The fact that the weight of the mud pump shifted onto him when it came out of the mud constituted an unusual occurrence which interrupted his regular work routine. It was also a specific traumatic incident of the work assigned. His back injury was a proximate result of the incident. As a result of this injury by accident, plaintiff was unable to perform his regular job duties for defendant-employer from February 13, 1993 through June 15, 1994 when the case was heard. His condition improved to the point that he could be active for a few hours, but he could not have worked a full day. Defendants did not provide work suitable to his capacity prior to the date of hearing. Plaintiff had not reached maximum medical improvement as of June 15, 1994 and required medical treatment for his back condition.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On February 12, 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2 (6).
2. Plaintiff is entitled to compensation at the rate of $317.25 per week for 69 and five-sevenths weeks for the temporary total disability he sustained as a result of this injury by accident through the date of hearing and continuing thereafter for as long as he remains so disabled. G.S. § 97-29; See Click v.Pilot Freight Carriers, Inc., 300 N.C. 164 (1980).
3. Plaintiff is entitled to have defendants provide all medical treatment' arising from this injury by accident. G.S. § 97-2 (19); G.S. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay compensation to plaintiff for temporary total disability at the rate of $317.25 per week for 69 and five-sevenths weeks for his temporary total disability through June 15, 1994, and continuing thereafter for as long as he remains so disabled. That portion of this compensation which has accrued shall be paid in a lump sum.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
3. Defendants shall pay the costs.
 S/ _______________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________________ JAMES J. BOOKER COMMISSIONER
S/ _______________________________ DIANNE C. SELLERS COMMISSIONER
BSB:md